WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone:  (775) 324-2500

Electronically Filed on:  April 8, 2026

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

CAMERON KEITH MARSHALL GHANAVATI,

    Debtor.

CASE NO. 25-51218
CHAPTER 13

**TRUSTEE'S OBJECTIONS TO**
**CONFIRMATION OF CHAPTER 13 PLAN**

Hearing Date: 04/23/2026
and Time:        3:00 pm
(Time Required – 1 minute)

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied.  In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

___**X**___      The Plan does not satisfy the best interest of creditors test.  11 U.S.C. §1325 (a)(4).  The scheduled value of the Debtor's non-exempt assets is **$Unknown at this time**.  **The amount of Debtor's 2025 tax refund (if any) is unknown at this time, and any non-exempt portion should be included in the value of debtor's Chapter 13 bankruptcy estate.**  The Trustee projects that holders of unsecured claims will receive distributions totaling approximately **$0.00**.

___**X**___      The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case.  11 U.S.C. §§1325(b)(1)(B) & (b)(2).  Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).

__**X**___      The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims.  11 U.S.C. §1322(a).
    **21st Mortgage Corporation Secured $229,042.16 and Arrears of $31,572.86**

**The Debtor's Plan provides for Conduit mortgage payments to be made by the Trustee. Local Rule 3015.1. Chapter 13 Mortgage Modification Mediation requires a minimum plan payment of no less than 31% of the debtor's gross income and the mandatory conduit payment requirement to be eligible for a loan modification through the MMM Program.  The Trustee has requested additional documentation evidencing that the debtor's proposed plan payments provide 31% of his gross monthly income in compliance with LR 3015.1 and that the plan payments be increased accordingly.**

__X___          The Debtor(s) have not provided all requested tax returns or have failed to file all federal, state and/or local tax returns required by 11 U.S.C. § 1308.  11 U.S.C. § 1325(a)(9); Section 1228 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (not codified in Title 11).
     **2025 Tax Return**

__X__  Other. The Trustee requests the following additional documentation:
     **Status of MMP**
     **Current Income**

     DATED:  April 8, 2026                              /S/ WILLIAM A. VAN METER
                                                                  William A. Van Meter, Trustee

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Candice Walker hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on April 8, 2026, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated:  April 8, 2026

/S/ Candice Walker
Candice Walker

TRICIA M. DARBY, ESQ.
DARBY LAW PRACTICE, LTD.
499 W. PLUMB LANE, SUITE 202
RENO, NV 89509